John van Loben Sels, Esq. (SBN 201354)
jvanlobensels@fishiplaw.com
Jennifer Shih, Esq. (SBN 276225)
jshih@fishiplaw.com
Fish IP Law, LLP
2603 Main Street, Suite 1000
Irvine, California 92614-4271
Telephone:  949-943-8300
Facsimile:   949-943-8358

*Attorneys for Plaintiff*,
Harold Davis

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS, an individual, | Case No.:  2:19-cv-7298 |
| Plaintiff, | |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq*.)** |
| THE LAW OFFICE OF A.J. FUDGE, INC., a California corporation, and DOES 1-10, inclusive, | |
| Defendants. | |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Mr. Harold Davis ("Mr. Davis") alleges as follows:

## THE PARTIES

1. Plaintiff Mr. Harold Davis is an internationally-known, digital artist and award-winning professional photographer, and the sole owner of copyright in the subject Work.

2. Defendant The Law Offices of AJ Fudge, Inc. ("AJ Fudge") is a private law corporation organized under the laws of the State of California, with a principal place of business in Los Osos, California.  AJ Fudge is engaged in the business of providing estate planning and other legal services throughout California in multiple offices.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because AJ Fudge is doing business in the State of California, is incorporated in the state of California, the acts of infringement complained of herein occurred in the state of California, and AJ Fudge has caused injury to Mr. Davis and his intellectual property in the State of California.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c), and/or § 1400(a).

///
///
///
///

-1-
COMPLAINT FOR COPYRIGHT INFRINGEMENT

## FACTUAL ALLEGATIONS

1. Mr. Davis brings this action seeking to obtain redress for AJ Fudge's infringement of the copyright in Plaintiff's photographic image titled, *Cayucos Pier* (the "Work"). A true and correct copy of the Work as published by Mr. Davis on his Flickr web profile is attached hereto as **Exhibit A**.

2. Mr. Davis is a well known, successful photographer, and makes his living as a photographer. He shoots and produces professional landscape, cityscape, and commercial photographs, working worldwide. Through his background ranging from computer programming to training as a fine art painter, Mr. Davis employs his wide range of experience in his digital art and photography, and his work often uses several photographic and post-production techniques to combine photography and computer technology, which he has pioneered.

3. Davis is the author of several bestselling photography books including: *The Way of the Digital Photographer* (Peachpit Press, awarded as a Top 10 Best 2013 Photography Book of the Year by Photo.net); *Creating HDR Photos* (Amphoto), *Photographing Flowers* (Focal Press); and *Guide to Flower Photography* by *Digital Photographer Magazine*.

4. Over the course of his career, Mr. Davis has devoted himself to various other crafts that, when combined with his experience and skill, truly enhance his photographic works and distinguish them from others. Mr. Davis is a Moab Master printmaker and a Zeiss Lens Ambassador. As a result of the extensive time and effort Mr. Davis devotes to his photographic works, his black and white photographic prints have been featured in various photography and printer magazines, and his work can be work is found in collections around the world.

5. Recently Harold Davis's work has been exhibited in such

global venues including: Photokina in Cologne, Germany; PhotoPlus Expo in New York; Gallery Photo in Oakland, California; Arts & Friends Gallery in Heidelberg, Germany; and The Awagami Gallery in Japan.

6. Mr. Davis maintains a professional website for his photography, which further describes his work, his background, and relevant information necessary for the purchase of archival prints and licenses to use his work for specified purposes: https://www.digitalfieldguide.com/faqs/licensing-images.

7. Mr. Davis is the sole creator and owner of copyright in the Work, which Mr. Davis first published to the public on March 7, 2013.

8. Mr. Davis holds a valid copyright registration for the Work with the United States Copyright Office (registration no. VA 2-010-613), effective May 17, 2016.  A true and correct copy of Mr. Davis' copyright registration for the work is attached hereto as **Exhibit B**.

9. Mr. Davis uses his photographs in commercial work undertaken for commissioned and licensed images, and fine art limited edition prints available for sale.

10. Mr. Davis neither granted any license to AJ Fudge, nor did AJ Fudge ever seek such a license from Mr. Davis.

11. Mr. Davis' website contains, and has contained at all times relevant herein, a copyright notice specifically reserving all rights in the Work and putting the public on notice of Mr. Davis' rights in the Work.

12. Recently, Mr. Davis learned that AJ Fudge made an unauthorized copy of the Work and published it on AJ Fudge's business website, which advertises AJ Fudge's estate planning and legal services.  A true and correct copy of AJ Fudge's web page in the form of a date stamped PDF print displaying the Work without authorization is attached hereto as **Exhibit C**, and a true and correct copy of the image hosted on the web page is attached hereto as **Exhibit D**.

13. AJ Fudge's unauthorized copying and use of the Work has exploited

Mr. Davis' artistic work, without authorization.

14. Subsequently, on February 8, 2019, Mr. Davis discovered that AJ Fudge had also published another unauthorized copy of Mr. Davis' Work on its Yelp social media networking web page. On information and belief, Amanda Jane Fudge, AJ Fudge's business owner, published the unauthorized copy of the Work herself. A true and correct copy of Ms. Fudge's Yelp profile page in the form of a screen shot displaying the Work without authorization is attached hereto as **Exhibit E**.

15. Upon information and belief, AJ Fudge's unauthorized use of the Work has spanned almost four years.

16. Given the content of AJ Fudge's website and its locations along the Central Coast and greater Los Angeles area, it is evident that AJ Fudge's selection of the Work was not simply because the Work is any photograph. Rather, it was selected because the artistic qualities and subject matter of the Work (a black and white photo of Cayucos Pier ending at a light on the edge of the pier) matched the desired aesthetic for AJ Fudge's website, and reflects the professional character of Ms. Fudge's legal services, but also the sense of mystery that characterizes the end of life, which resonates with the estate planning services provided by AJ Fudge.

17. Still further, Ms. Fudge advertises on the AJ Fudge website that she provides "Entertainment Law Services." In a partial list of those services, Ms. Fudge specifically identifies "Intellectual Property Protection—Copyright & Trademark." If Ms. Fudge purports to offer legal services in copyright protection, then she must be aware of what conduct constitutes copyright infringement. Ms. Fudge would know whether she actually shot the photograph of Cayucos Pier (the Work), and whether she ever sought or obtained a license. Because of her advertising her ability to competently protect the copyrights of her clients, Ms. Fudge knew or had

reason to know that she did not have a license or permission to use Mr. Davis' Work.

18. Mr. Davis is entitled to redress for AJ Fudge's willful, intentional, and purposeful use and exploitation of the Work, for its own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Mr. Davis' rights.

## COUNT 1
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106 and 501)

19. Plaintiff incorporates by reference Paragraphs numbered 1-18 above, inclusive, as if fully set forth herein.

20. Mr. Davis holds a valid copyright registration in the Work, and is the sole copyright owner in the Work.

21. AJ Fudge made at least two unauthorized copies of the Work, without license or permission from Mr. Davis to advertise its estate planning and legal services.

22. Through AJ Fudge's conduct as alleged herein, AJ Fudge has infringed Mr. Davis' copyright in the Work in violation of both Sections 106 and 501 of the Copyright Act, (17 U.S.C. §§ 106 and 501).

23. AJ Fudge's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Mr. Davis' rights.

24. As a direct and proximate result of AJ Fudge's conduct constituting copyright infringement, Mr. Davis has suffered direct financial losses for the misappropriation of his Work.

25. Mr. Davis is entitled t to his election of statutory damages under 17 U.S.C. § 504(c), or his actual damages in an amount to be proven at trial.

26. Mr. Davis is also entitled to AJ Fudge's profits attributable to the

infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of, and a constructive trust with respect to such profits.

27. Mr. Davis is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally as follows:

1. For actual damages as permitted by 17 U.S.C. § 504(a)-(b) in such amount as may be found, or as otherwise permitted by law.

2. Alternatively, for statutory damages as permitted by 17 U.S.C. § 504(a) and § 504(c).

3. For enhanced damages as permitted by 17 U.S.C. § 504(c)(2) of up to $150,000 or as allowed by law.

4. For an accounting of, and the imposition of constructive trust with respect to, AJ Fudge' profits attributable to its infringement of Mr. Davis' copyright in the Work.

5. For prejudgment interest according to law.

6. For Mr. Davis' reasonable attorneys' fees and costs as permitted by 17 U.S.C. § 505.

7. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Date: August 22, 2019         FISH IP LAW, LLP
                              By:   */s/ John van Loben Sels*
                                    John van Loben Sels
                                    *Attorneys for Plaintiff*

-6-
COMPLAINT FOR COPYRIGHT INFRINGEMENT